UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

IRON WORKERS MID-SOUTH PENSION FUND, ET AL

CIVIL ACTION

VERSUS

NO. 11-1632

CHAMPION STEEL COMPANY, L.L.C, ET AL

SECTION "C" (2)

ORDER AND REASONS

This matter comes before the Court on the plaintiffs' motion for temporary restraining order and preliminary injunction. Rec. Doc. 15. Having considered the record, the memorandum of counsel for the plaintiff and the law, the Court has determined that the motion should be denied for the following reasons.

The plaintiffs are unions and employee benefit funds who filed this suit in July 2011 under the Employee Retirement Income Security Act of 1974, the Labor Management Act and Louisiana law. Their claims relate to unpaid contributions and dues allegedly owed under collective bargaining agreements and payout agreements by the defendant, Champion Steel Company, L.L.C. ("Champion") and its owner, Jack

Bass ("Bass"). The plaintiffs seek payment, damages and an order seeking an audit of unaudited records of the defendant.

In this motion, the plaintiffs seek a preliminary injunction "to prevent Champion from drawing down $820,000.00 from its line of credit and expending its remaining assets until such time as this Court enters a final judgment in this matter and until the judgment is satisfied." Rec. Doc. 15 at 2. According to the plaintiffs, they learned of Champion's possible line of credit in August 2011 and their counsel learned of Bass's attempt to obtain a $1,000,000 line of credit in December 2010. Rec. Doc. 15 at 6.

The defendants argue that preliminary injunction is inappropriate for a number of reasons, the prohibition against pre-judgment seizure of assets by injunction, the lack of factual proof to the plaintiffs' allegations regarding the defendants solvency or the existence of the line of credit and the lack of connexity between the injunction sought and the claims made, and the availability of monetary damages for the plaintiffs' claims. Rec. Doc. 22. They also argue that the plaintiffs have known of the alleged under-payments as early as 2003, and have otherwise delayed in bringing the present motion. Rec. Doc. 22 at 8.

The decision whether to issue a preliminary injunction is discretionary with the district court. *Canal Authority v. Callaway*, 489 F.2d 567, 572 (5th Cir.1974). "A

preliminary injunction may be issued to protect the plaintiff from irreparable injury and to preserve the district court's power to render a meaning full decision after a trial on the merits." *Id.* The district court's discretion is guided by four prerequisites that the mover must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparably injury if the injunction is not granted; (3) the threatened injury outweighs any harm that will result to the non-movant if the injunction is granted; and (4) that the injunction will not disserve the public interest. *Id.*; *Ridgely v. Fed. Emergency Mgmt. Agency*, 512 F.3d 727, 734 (5th Cir. 2008). "In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *Canal Authority*, 489 F.2d at 573. The Court's reading of the motion indicates that the plaintiffs have fallen short of the mark for the extraordinary relief sought.

  The Court will assume that the plaintiffs can meet the first requirement of prevailing on the merits of their claims in order to address first the greatest obstacle they face with regard to irreparable harm. There is no doubt that the plaintiffs seek monetary damages in their complaint and can be so compensated for the claims made. The plaintiffs argue that their request for remittance reports and audits of payroll

records from February 2011 to the present is equitable in nature.  Rec. Doc. 15 at 8-9. They argue that this equitable part of their complaint relieves them from the effect of the rules pronounced by the Supreme Court in *Grupo v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 330 (1999), in which the court invalidated a preliminary injunction freezing potential assets based on the "historical principle that before judgment (or its equivalent) an unsecured creditor has no rights at law or in equity in the property of his debtor."  The Supreme Court reasoned that such a rule allowing "'any prowling creditor … to file a bill to discover assets, or to impeach transfers, or interfere with the business affairs of the alleged debtor would manifestly be susceptible to the grossest abuse.'" *Id.* (quoting Wait, *Fraudulent Conveyances* § 73, 110-11).  "Because any rational creditor would want to protect his investment, such a remedy might induce creditors to engage in a 'race to the courthouse' in cases involving insolvent or near-insolvent debtors, which might prove financially fatal to the struggling debtor." *Id.* at 331. "Because such a remedy was historically unavailable from a court of equity, we hold that the District Court had no authority to issue a preliminary injunction preventing petitioners from disposing of their assets pending adjudication of respondents' contract claim for money damages." *Id.* at 333.

At an earlier time, in *Deckert v. Independence Shares Corp,* 311 U.S. 282, 290 (1940),

the Supreme Court had upheld a preliminary injunction issued against a defendant that "was insolvent and its assets in danger of dissipation or depletion." This earlier rule was distinguished by the *Grupo* court by reference to the fact that the *Deckert* underlying cause of action was for equitable relief. "The preliminary relief available in a suit seeking equitable relief has nothing to do with the preliminary relief available in a creditor's bill seeking equitable assistance in the collection of a legal debt." *Grupo*, 527 at 324-35. *See also Animale Group, Inc. v. Sunny's Perfume Inc.*, 2007 WL 4259200 (5th Cir). Assuming that the plaintiffs have alleged a meritorious equitable claim for an audit, this Court denies preliminary injunction.

"The general federal rule of equity is that a court may not reach a defendant's assets unrelated to the underlying litigation" to preserve assets to satisfy a possible judgment in the future. *In re Fredeman Litigation*, 843 F.2d 821, 824 (5th Cir. 1988)(citing *DeBeers Consolidated Mines v. United States*, 325 U.S. 212, 222-223 (1945). "'Because the authority to issue a preliminary injunction rests upon the authority to give final relief, the authority to freeze assets by preliminary injunction must rest upon the authority to give a form of final relief to which the asset freeze is an appropriate provisional remedy.'" *Fed. Savings & Loan Ins. Corp. v. Dixon*, 835 F. 2d 554, 561 (5th Cir. 1987)(quoting *F.T.C. v. H.N. Singer, Inc.*, 668 F.2d 1107, 1112 (9th Cir. 1982). The assets

sought here are not the subject of the dispute but may be used to satisfy a final money judgment. In the event the plaintiffs require a preliminary injunction related to their prayer for an audit, they should so move.

Finally, the plaintiffs have not shown entitlement to injunctive relief with regard to the requirement that the threatened injury outweighs any damage that the injunction may cause the opposing parties or that the injunction will not disserve the public interest. The defendants have an ongoing business and are allegedly seeking a line of credit. The imposition of the preliminary injunction actually disrupts the status quo while raising a serious issue as to what amount of bond would be appropriate in the event the wrongful imposition of the hazy "trust" envisioned by the plaintiffs reeks financial harm to the defendants' business.

Accordingly,

IT IS ORDERED that the plaintiff's motion for temporary restraining and preliminary injunction is DENIED. Rec. Doc. 15.

New Orleans, Louisiana, this 21st day of December, 2011.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT COURT